UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVERON RATLIFF,<br><br>    Plaintiff,<br><br>    v.<br><br>M. VOONG, et al.,<br><br>    Defendants. | Case No. 15-cv-05625-JCS (PR)<br><br>**ORDER OF DISMISSAL** |

## INTRODUCTION

Plaintiff, a California state prisoner proceeding pro se, has filed this federal civil rights action under 42 U.S.C. § 1983 in which he raises claims against the California Department of Corrections and Rehabilitation ("CDCR") for altering and refusing to correct an incorrect record of his crimes. After reviewing his allegations pursuant to 28 U.S.C. § 1915(e), the Court DISMISSES the complaint.[1]

## DISCUSSION

**A.  Standard of Review**

In its initial review of this pro se complaint, this Court must dismiss any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted, or seeks

---

[1] Plaintiff consented to magistrate judge jurisdiction. (Compl. at 4.) The magistrate judge, then, has jurisdiction to issue this order, even though defendants have not been served or consented to magistrate judge jurisdiction. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995).

monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.  Legal Claims**

Plaintiff alleges his CDCR fingerprint card incorrectly states he was convicted in state court of conspiracy to commit second degree robbery (Cal. Penal Code § 212.5). (Compl. at 6; Ex. 1.) He was, he claims, convicted only of conspiracy to commit a crime (*id.* § 182(a)) after he pleaded guilty to such a charge in exchange for having the robbery charges dismissed. (Compl. at 3-4.) This record of a nonexistent conviction was used to enhance a subsequent sentence when a state superior court read the fingerprint card, which was part of the record submitted to the court for sentencing. (*Id.* at 6.) Plaintiff filed formal grievances to have the card corrected, but his requests were denied. (*Id.* at 7-8.)

Plaintiff has not stated a claim that his substantive due process rights were violated. The inaccuracy of records compiled or maintained by the government is not, standing alone, sufficient to state a claim of constitutional injury under the Due Process Clause. *See*

2

1  *Paul v. Davis*, 424 U.S. 693, 711-714 (1976); *Reyes v. Supervisor of DEA, et al.*, 834 F.2d
2  1093, 1097 (1st Cir. 1987) (no due process claim for false information maintained by
3  police department); *Pruett v. Levi*, 622 F.2d 256, 258 (6th Cir. 1980) (mere existence of
4  inaccuracy in FBI criminals files does not state constitutional claim).

       Plaintiff also has not stated a claim that his procedural due process rights were violated. Because California has created regulations from which a protected interest in accurate criminal records could arise, a court must ask (1) whether the regulations creating the right to accurate criminal records narrowly restrict the power of prison officials to impose a deprivation of accurate records, and (2) whether the deprivation suffered due to the denial of accurate records is one of "real substance." *Sandin v. Conner*, 515 U.S. 472, 477-87 (1995).

       An inmate questioning the accuracy of any material contained in a record of his criminal history must file a written request with the agency holding the record. *See* Cal. Penal Code § 13324(a). After a formal request and denial by the agency, the inmate must refer the matter to administrative adjudication in accord with the rules of the local governing body. *See* Cal. Penal Code § 13324(c). These regulations do not contain substantive predicates or mandatory language requiring any specific outcome when a determination on a request to amend information in a person's criminal record is made. The regulations state no criteria, for example, which must be found before a request will be granted or denied. A provision that merely provides procedural requirements, even if mandatory, cannot provide the basis for a constitutionally protected liberty interest. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 461-62 (1989); *Smith v. Noonan*, 992 F.2d 987, 989 (9th Cir. 1993). Because the statutory language does not meet the first prong of the *Sandin* test, no protected liberty interest requiring constitutional protection is created.

       Because there is no substantive or procedural due process right to have correctly maintained records, plaintiff's section 1983 claims necessarily fail.

3

1   Also, the fingerprint card is not inaccurate.  As stated in the CDCR response to
2  plaintiff's grievance, the "entry of PC 212.5(B) Robbery 2nd on the Fingerprint Card is
3  appropriate." (Compl., Ex. 3.)  It is appropriate because plaintiff was convicted of
4  conspiracy to commit a felony (Cal. Penal Code § 182(a)), which was in this case, robbery.
5  When persons conspire to commit a felony, "they shall be punishable in the same manner
6  and to the same extent as is provided for the punishment of that felony." Cal. Penal Code
7  § 182(a).  In conformity with this, the superior court imposed a sentence of 2 years,
8  (Compl., Ex. 2 at 5-6), which was the lower term for a robbery conviction, (Cal. Penal
9  Code § 213(a)(2); *id.*, Ex. 4).

   Therefore, even if plaintiff had a due process right in having correct records, his claim would fail on the merits.  This federal civil rights action is DISMISSED.

## CONCLUSION

The complaint is DISMISSED.  The Clerk shall enter judgment in favor of defendants, and close the file.

**IT IS SO ORDERED.**

**Dated:** April 7, 2016

_____
JOSEPH C. SPERO
Chief Magistrate Judge

4

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVERON RATLIFF,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M. VOONG, et al.,<br><br>　　　　Defendants. | Case No.  15-cv-05625-JCS<br><br>**CERTIFICATE OF SERVICE** |

　　　I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

　　　That on April 7, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Deveron Ratliff ID: P-17543
Correctional Training Facility
P.O. Box 689   ZW-312
Soledad, CA 93960


Dated: April 7, 2016


　　　　　　　　　　　　　　　　　　　　　　Susan Y. Soong
　　　　　　　　　　　　　　　　　　　　　　Clerk, United States District Court

　　　　　　　　　　　　　　　　　　　　　　By:_____*Karen L. Hom*_____
　　　　　　　　　　　　　　　　　　　　　　Karen Hom, Deputy Clerk to the
　　　　　　　　　　　　　　　　　　　　　　Honorable JOSEPH C. SPERO